**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **KENNETH SPENCE, #364541, a/k/a** | § | |
| **KENNETH EDWARD SPENCE, a/k/a** | § | |
| **SCOTT EDWARD PALMER, a/k/a** | § | |
| **EDWARD L. SPENCE** | § | |
| | § | **CIVIL ACTION NO. 4:19-CV-00139-ALM** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **JAIME TAYLOR** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kenneth Spence is a pretrial detainee confined in the Collin County Detention Facility, awaiting trial on charges of impersonating a public servant, forgery of a financial document, and tampering with government records with intent to defraud. Mr. Spence, proceeding *pro se* and *in forma pauperis*, brought this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation (Dkt. #57) concluding that Mr. Spence's civil rights lawsuit should be dismissed for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). Mr. Spence has filed objections (Dkt. #61). The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636 (b)(1).

Facts of the Case

The complaint was filed on February 25, 2019. In his amended complaint (Dkt. #32), Mr. Spence stated that he is suing Collin County Detention Facility Programs Coordinator Jaime Taylor because he was allegedly denied access to courts causing him financial harm. Mr. Spence

specifically asserted that he was improperly denied access to the jail law library and was denied "softbound law books from [another] facility." He seeks compensatory and punitive damages as well as declaratory relief.

Mr. Spence filed a motion for leave to proceed *in forma pauperis* on February 25, 2019. (Dkt. #3). The Court granted Mr. Spence permission to proceed *in forma pauperis* and ordered him to file an initial partial filing fee of $14.50. (Dkt. #4). On April 2, 2019, the initial partial filing fee of $14.50, was paid. On April 4, 2019, the Court issued an order for the collection and payment of the full filing fee. (Dkt. #8). On May 7, 2019, Mr. Spence paid $40.14, towards his outstanding filing fee. As of November 14, 2019, he has paid a total of $54.64, towards his outstanding filing fee.

After the granting of Mr. Spence's motion for leave to proceed *in forma pauperis*, the Court became aware that Mr. Spence is barred from proceeding *in forma pauperis* because of the "three strikes" rule. 28 U.S.C. § 1915(g). The Southern District of Texas—Houston Division in *Kenneth Spence v. Hilary Harrison-Dunn, et al.* C.A. No. H-19-1660 (S.D. Tex. May 7, 2019), found that Mr. Spence had filed three lawsuits under an alias that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. The district court in the Southern District of Texas found that the three lawsuits in question qualified as strikes under 28 U.S.C. § 1915(g).

The Southern District noted that court records revealed Mr. Spence, filing as "Scott Edward Palmer," an alias, had a history of filing frivolous lawsuits. The Southern District relied on the following cases in making its determination that Mr. Spence was subject to the "three strikes" rule: *Palmer v. Wayne Scott,* C.A. No. 2:01-cv-0029 (N.D. Tex. Apr. 5, 2002); *Palmer v. Wayne Scott*, C.A. No. 2:00-cv-353 (N.D. Tex. June 12, 2001); and *Palmer v. Wyeth*, C.A. No. H-97-0042 (S.D. Tex. Mar. 24, 1997).

The Southern District confirmed Mr. Spence, filing as "Scott Edward Palmer," filed all three "strike" lawsuits, and that he was barred from proceeding *in forma pauperis*. Public online records for the Fifth Circuit Court of Appeals show that Mr. Spence appealed the dismissals in all three lawsuits. The Fifth Circuit's records further show that he provided the same mailing address in all three appeals: P.O. Box 496891, Garland, Texas 75049-6891. Further research of public online records show that this private post office box was registered to a business enterprise operated by Kathleen Spence. Moreover, a review of records relevant to each lawsuit traced Mr. Spence's birth date in each refer to the same date, October 2, 1956.

Mr. Spence filed a notice of appeal in response to the Southern District's Order of Dismissal and Final Judgment in in *Kenneth Spence v. Hilary Harrison-Dunn, et al.* C.A. No. H-19-1660 (S.D. Tex. May 7, 2019). His appeal was dismissed for want of prosecution on October 9, 2019. *See Kenneth Spence v. Hilary Harrison-Dunn, et al*, No. 19-20428 (5th Cir. Oct. 9, 2019).

In light of the information from the Southern District, the Court vacated its order granting Mr. Spence permission to proceed *in forma pauperis* and its Collection Order (Dkt. ##4, 8, 56). Judge Johnson issued a Report and Recommendation in this case on October 12, 2019. (Dkt. #57).

<u>Report and Recommendation</u>

Judge Johnson recommended that Mr. Spence's motion to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) (Dkt. ##3, 57, p. 5). Judge Johnson adopted the findings of the Southern District—Houston Division in *Kenneth Spence v. Hilary Harrison-Dunn, et al.* C.A. No. H-19-1660 (S.D. Tex. May 7, 2019), in recommending the dismissal of Mr. Spence's lawsuit pursuant to 28 U.S.C. § 1915(g). The Southern District held that Mr. Spence has a history of filing frivolous lawsuits and the following three lawsuits were dismissed as frivolous or for failure to state a claim upon which relief may be granted before the present lawsuit was filed: *Palmer v. Wayne Scott,* C.A. No. 2:01-cv-0029 (N.D. Tex. Apr. 5, 2002); *Palmer v. Wayne Scott,*

C.A. No. 2:00-cv-353 (N.D. Tex. June 12, 2001); and *Palmer v. Wyeth*, C.A. No. H-97-0042 (S.D. Tex. Mar. 24, 1997). He has also had at least one case dismissed pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g): *Kenneth Spence v. Hilary Harrison-Dunn, et al.* C.A. No. H-19-1660 (S.D. Tex. May 7, 2019).

Congress decided to end the practice by prisoners of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. A prisoner may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The provision was designed to stop the type of abusive litigious practices being employed by prisoners. Mr. Spence had three lawsuits dismissed as frivolous prior to the filing of the present lawsuit.

Based on the allegations in his original and amended complaints (Dkt. ## 1, 32), Judge Johnson found that Mr. Spence had not alleged any facts showing he was "under imminent danger of serious physical injury" at the time he filed this lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). In his pending second amended complaint (Dkt. #51), Mr. Spence also did not plead any facts which would indicate he was "under imminent danger of serious physical injury" at the time he filed this lawsuit. His allegations of denial of access to courts do not give rise to an inference that he was under imminent danger of serious physical injury at the time he filed the lawsuit. "[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Texas Medical Branch*, No. 6:16cv436, 2016 WL 3267346 at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted.)

Judge Johnson also noted that Mr. Spence stated under penalty of perjury that he had filed **no** other lawsuits in state or federal court relating to his imprisonment in his complaint and amended complaint. Mr. Spence did not identify *Kenneth Spence v. Hilary Harrison-Dunn, et al.* C.A. No. H-19-1660 (S.D. Tex. May 7, 2019), as a recent lawsuit that he had filed or taken an appeal. Judge Johnson further noted that Mr. Spence had stated "unknown" in his complaint regarding whether he has any aliases. Judge Johnson found that Mr. Spence had blatantly misrepresented the facts to the Court. Mr. Spence's public online criminal records show that he is known by numerous aliases, including "Scott Edward Palmer." An online search of public court records through the PACER system shows that he had filed numerous lawsuits in the Texas federal courts under his various aliases, including under the alias "Scott Edward Palmer." Mr. Spence was not forthright with the Court regarding his previous filings and aliases.

Consequently, Judge Johnson recommended that Mr. Spence's lawsuit be dismissed as barred by section 1915(g). She further recommended that Mr. Spence's motion to proceed *in forma pauperis* (Dkt. #3) be denied. Judge Johnson recommended that Mr. Spence should be given credit for the $54.64, that he has paid toward his outstanding filing fee and that he should be allowed to resume the lawsuit if he pays the entire outstanding filing fee of $345.36 ($400[1]-$54.64) within thirty (30) days after the entry of the final judgment. *See Carson v. Johnson*, 112 F.3d 818, 823 (5th Cir. 1997).

<u>Objections</u>

Mr. Spence has filed objections. (Dkt. #61). As an initial matter, Mr. Spence does not object to any specific finding of the Magistrate Judge. (Dkt. ##61, 57). He does not identify any portion of Judge Johnson's Report to which he objects. He raises issues for review without any analysis

---

[1] As Mr. Spence is barred by section 1915(g), he must pay the full filing fee of $400, rather than the $350, fee that inmates proceeding *in forma pauperis* may pay.

or factual presentation. Frivolous, conclusory, or general objections need not be considered by the district court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Valez-Pedro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

In his issues for review, Mr. Spence raises as an issue whether he was a prisoner when he brought the lawsuits in *Palmer v. Wayne Scott,* C.A. No. 2:01-cv-0029 (N.D. Tex. Apr. 5, 2002); *Palmer v. Wayne Scott*, C.A. No. 2:00-cv-353 (N.D. Tex. June 12, 2001); and *Palmer v. Wyeth*, C.A. No. H-97-0042 (S.D. Tex. Mar. 24, 1997). Mr. Spence also complains through an issue for review whether the Court should have appointed an attorney or guardian ad litem to protect his interests in this litigation in light of his alleged state court "judicial finding of incompetency." Finally, Mr. Spence questions whether a "dismissal with prejudice is warranted if he is required to pay the full filing fee and does not have the resources to do so."

<u>Analysis and Discussion</u>

In his first objection, Mr. Spence questions whether he was a prisoner when he brought the lawsuits in the three cases that he is found to have a strike. Mr. Spence merely raises the issue but does not allege that he was not a prisoner in his objections. (Dkt. #61). Besides being purely speculative, Mr. Spence cannot collaterally attack the findings of the Southern District of Texas— Houston in *Kenneth Spence v. Hilary Harrison-Dunn, et al.* C.A. No. H-19-1660 (S.D. Tex. May 7, 2019). There, the Southern District found that he was a "prisoner" for purposes of 28 U.S.C. § 1915(g), and the above cases counted as strikes. Here, Judge Johnson relied on the findings and

decision of the Southern District in *Spence v. Harrison-Dunn, et al.*, in recommending that Mr. Spence's claims should be dismissed pursuant to 28 U.S.C. § 1915(g).

Mr. Spence may not challenge the findings and decision of the Southern District before this Court. A dissatisfied litigant must employ the proper appellate procedures. This Court, however, does not sit as a super appellate court to review orders in other districts and will not entertain a collateral attack on a decision of a sister court. Mr. Spence had the opportunity to appeal the Southern District's findings and decision in *Spence v. Harrison-Dunn, et al.*, No. 19-20428, but allowed the appeal to be dismissed for want of jurisdiction. Mr. Spence may not revive his complaints regarding the Southern District's findings in this Court. His objection is overruled.

In his next objection, Mr. Spence complains that the Court should have appointed counsel or *guardian ad litem* to protect his interests in this Court. This objection is not an issue that was discussed in the Report and Recommendation and is raised for the first time here. Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Mr. Spence's objection lacks merit and is overruled.

On his last objection, Mr. Spence's objection is vague. The objection is phrased as "whether a dismissal with prejudice is warranted if Plaintiff is required to pay the full filing fee and does not have the resources to do so." Judge Johnson recommended that Mr. Spence's civil rights lawsuit be dismissed with prejudice for purposes of an *in forma pauperis* proceeding under 28 U.S.C. § 1915(g). She further recommended that Mr. Spence be allowed to resume his lawsuit if he pays the remainder of the outstanding filing fee of $345.36, within thirty days after the entry of the final judgment. Ultimately, the recommendation is dismissal with prejudice as to proceeding *in forma pauperis* but without prejudice as to the refiling of this lawsuit without seeking *in forma*

*pauperis* status. Congress intended consequences to exist for prisoners who repeatedly filed frivolous lawsuits. Mr. Spence's objection is overruled.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct, and Mr. Spence's objections are without merit.

Conclusion

Congress enacted section 1915(g) to end the practice by prisoners of repeatedly filing frivolous lawsuits. Mr. Spence had at least three strikes at the time he filed the present lawsuit. He has exceeded the limit allowed by Congress. He has not shown that the exception to Section 1915(g) applies; thus, he is not entitled to proceed *in forma pauperis*. Mr. Spence's motion to proceed with this lawsuit *in forma pauperis* should be denied.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Spence to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Spence's objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that the Report and Recommendation (Dkt. #57) is **ADOPTED**.

It is further **ORDERED** that Mr. Spence's motion to proceed *in forma pauperis* (Dkt. #3) is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g).

It is further **ORDERED** that Mr. Spence may resume the lawsuit if he pays the entire outstanding filing fee of $345.36, within thirty days from the entry of the Final Judgment. Mr. Spence is warned, however, that the lawsuit may be dismissed as frivolous even if he timely files the outstanding filing fee of $345.36.

It is finally **ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 26th day of December, 2019.**



_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE